MICHAEL J. McCUE (Nevada Bar No. 6055)
mmccue@lrlaw.com
JOHN L. KRIEGER (Nevada Bar No. 6023)
jkrieger@lrlaw.com
STEPHANIE S. BUNTIN (Nevada Bar No. 12339)
sbuntin@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 fax

Attorneys for LAS VEGAS SANDS CORP.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANDCASH.COM, an unknown entity,<br><br>Defendant. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Trademark Infringement under 15 U.S.C. § 1114<br><br>(2) Cybersquatting under 15 U.S.C. § 1125(d)<br><br>(3) Unfair Competition under 15 U.S.C. § 1125(a)<br><br>(4) Trademark Dilution under 15 U.S.C. § 1125(c)<br><br>(5) State Trademark Infringement under N.R.S. § 600.420<br><br>(6) State Trademark Dilution under N.R.S. § 600.435<br><br>(7) Common Law Trademark Infringement<br><br>(8) Deceptive Trade Practices under N.R.S. § 598.0903, et seq.<br><br>(9) Intentional Interference with Prospective Economic Advantage |

For its complaint, LAS VEGAS SANDS CORP. ("LVSC") alleges as follows:

1

## NATURE OF THE CASE

This is an action by Las Vegas Sands Corp. ("LVSC"), the owner of the famous SANDS trademark, against <SandCash.com>, which owns and operates a website purporting to be an official LVSC website. Las Vegas Sands Corp. asserts claims for trademark infringement, cybersquatting, unfair competition and trademark dilution under federal statutes, with pendent state and/or common law claims for trademark infringement, trademark dilution, deceptive trade practices, and intentional interference with prospective economic advantage. LVSC seeks damages, attorneys' fees, costs, and temporary, preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over LVSC's state and common law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant operates an interactive website on the Internet that is accessible to residents of the State of Nevada; (b) Defendant's website is commercial in nature; (c) Defendant has committed tortious acts that it knew or should have known would cause injury to LVSC in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(d). Venue lies in the unofficial Southern division of this Court.

## PARTIES

4. LVSC is a Nevada corporation that owns and operates resort hotels and casinos in the United States, Macau and Singapore.

5. Upon information and belief, SANDCASH.COM is an unknown entity through which the <SandCash.com> domain name was registered with Directi Internet Solutions Pvt Ltd. d/b/a/ PublicDomainRegistry.com, a domain name registrar, so as to hide the identity of the true registrant.

///

2

## ALLEGATIONS COMMON TO ALL COUNTS

6. Based on United States Patent and Trademark Office records, LVSC's predecessors-in-interest claimed first use of the SANDS mark for hotel resorts and casinos in 1952. The original Sands Hotel in Las Vegas, Nevada, became famous by attracting numerous celebrities and serving as the setting for several famous Hollywood films, including the original "Ocean's Eleven" movie. LVSC currently owns The Venetian and The Palazzo Resort Hotel Casinos and the Sands Expo and Convention Center in Las Vegas, Nevada; the Sands Bethelehem in Bethlehem, Pennsylvania; the Sands Macao, The Venetian Macao, the Four Seasons Hotel Macao and Sands Cotai Central in Macao; and the Marina Bay Sands in Singapore.

7. LVSC owns trademark rights in the SANDS mark, including United States trademark registrations for, among others:

| Mark | U.S. Reg. No. | Goods and Services |
|---|---|---|
| SANDS | 4042291 | Hotel, restaurant, bar services, catering services, providing facilities for conventions, banquets, social functions, fund raising and special events. |
| SANDS | 3850500 | Casino services; gambling services; gaming services; entertainment services in the nature of boxing contests and art exhibition; arranging of seminars and conferences; educational demonstrations; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade show booths and exhibitions; entertainment, namely, lighting production. |
| *Sands* (stylized) | 1209102 | Entertainment Services-Namely, Providing Stage Show, Gambling and Casino Services. |
| *Sands* (stylized) | 3838397 | Casino services; gambling services; gaming services; Entertainment services in the nature of boxing contests and art exhibitions; arranging of seminars and conferences; educational demonstrations; rental of audio-visual equipment; rental of portable stages; rental of audio-visual equipment; preparation of special effects for trade show booths and exhibitions; entertainment, namely, lighting production. |

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2863840.1

| | Registration No. | Services |
|---|---|---|
| Sands EXPO | 3504043 | Providing and rental of exhibition stands and booths including respective equipment; organizing exhibitions for commercial or advertising purposes; planning and conducting of trade fairs, exhibitions and presentations for economic or advertising purposes; consultation relating to trade fairs; rental of advertising space; rental of office machinery and equipment. |
| Sands ECO 360° GLOBAL SUSTAINABLE DEVELOPMENT | 3930913 | Providing convention facilities; Resort hotels |
| VENETIAN | 2411454 | Hotels, [ restaurants, ] hotel concierge services, bar services, [ security guard services, beauty salons, health spas, massage, ] catering services, providing facilities for conventions, banquets, social functions, fund raising, and special events. |
| PALAZZO | 3958087 | Provision of conference, exhibition and meeting facilities; providing convention facilities; providing facilities for exhibitions; catering services; hotel, bar, restaurant and catering services. |
| PALAZZO | 2729637 | Hotel services, namely, providing facilities for conventions, conferences, banquets, social functions, fund raising, and special events; and providing hotel lodging services. |

LVSC also owns a Nevada state trademark registration for SANDS HOTEL & CASINO (Reg. No. TN00250422), as well as common law rights in the SANDS marks. (All the aforementioned marks are collectively referred to herein as the "SANDS Marks".) These federal and state trademark registrations have not been abandoned, canceled, or revoked.

8. LVSC uses the SANDS mark in connection with advertising and promoting its properties in the United States and around the world.

9. LVSC has expended millions of dollars to promote and advertise the SANDS Marks in print and broadcast media, and on the Internet, including through various websites. Its primary website is located at <lasvegassands.com>. A true and accurate copy of the home page of "Las Vegas Sands" is attached hereto as Exhibit 1, and is incorporated herein by this reference.

10. Based on its federal and state trademark registrations and extensive use, LVSC owns the exclusive right to use the SANDS Marks in connection with hotel, casino and related services and goods in the United States.

1    11.    The SANDS Marks have become distinctive and famous in the United States and around the world for resort hotel and casino services.

12.    On or about April 8, 2012, Defendant registered the <SandCash.com> Internet domain name with Directi Internet Solutions Pvt Ltd. d/b/a/ PublicDomainRegistry.com, a domain name registrar. Defendant registered the domain name through a private registration service that conceals the identity of the Defendant from the public. The <SandCash.com> domain name incorporates a singular version of SANDS word mark, followed by the generic term "cash."

13.    Some time after registration on April 8, 2012, Defendant created a website by directly copying substantial portions of LVSC's official website at <lasvegassands.com>, including the home page and most of the interior pages (the "SandCash website"). Defendant's website is accessible at the <SandCash.com> domain name. A true and accurate copy of the SandCash website's home page is attached hereto as Exhibit 2, and is incorporated herein by this reference.

14.    The SandCash website copies many elements of LVSC's website, including use of some of the SANDS Marks, several photographs, artwork, and text. In addition, the layout of Defendant's SandCash website mirrors the layout of LVSC's website. The website uses the same font and distinctive sunburst design incorporated in the SANDS design marks. It also uses an interactive map of LVSC's properties taken directly from the <lasvegassands.com> website, and displays identical images of the Venetian, Palazzo, and other LVSC properties. The website uses the same headings as LVSC's website, labeled "Corporate Overview," "Our Properties," and "Investor Relations." Under each of these headings, there are links to pages that contain content that is identical to the content on <lasvegassands.com>, including verbatim descriptions of LVSC's properties and information about LVSC's management team. As a result, the SandCash website creates the impression that it is an official LVSC website. True and accurate copies of LVSC's web pages and the corresponding web pages from <SandCash.com> are attached as Exhibit 3, and are incorporated herein by this reference.

15.    The SandCash website also lists LVSC's New York Stock Exchange Symbol and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

5

2863840.1

includes a "Market Review" section that lists stock exchange and currency exchange information. *See* Ex. 2. The SandCash website also has an additional header, which cannot be found on the genuine LVSC website, entitled "Investment." Under this heading, there is information about an investment scheme that is unrelated to LVSC. True and accurate copies of these web pages are attached hereto as Exhibit 4, and are incorporated herein by this reference.

16. The SandCash website is in English and is aimed at and accessible within the United States, including to residents of the State of Nevada. There is a "Member Access" section of the home page that allows users to input a username and password. *See* Ex. 2. In addition, the SandCash website provides an email address (investor@SandCash.com) through which consumers can apparently contact the owner or operator of the SandCash website.

17. Upon information and belief, Defendant deliberately and knowingly chose to register a domain name that incorporates LVSC's SANDS Mark, because it enjoys decades of recognition, reputation, and goodwill.

18. Upon information and belief, Defendant intentionally copied content from LVSC's website in an effort to drive Internet traffic to the website at <SandCash.com> and mislead consumers into believing that the website is an official website of LVSC.

19. Upon information and belief, Defendant intends to defraud consumers into transferring money to Defendant based on the false representation that they are investing in LVSC.

20. Defendant has not registered and used the aforementioned domain name in good faith.

21. By registering and using a domain name containing LVSC's trademarks, Defendant was and is attempting to trade on the goodwill of LVSC.

22. By registering and using a domain name containing LVSC's trademarks, Defendant was and is creating or attempting to create an association between the <SanCash.com> domain name and LVSC.

23. By registering and using the <SandCash.com> domain name, Defendant was and is attempting to divert Internet traffic intended for LVSC's official website to the website at

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

6

2863840.1

<SandCash.com>.

## COUNT I
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

24. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

25. Defendant has used and/or is using in commerce marks that are the same as or confusingly similar to the SANDS Marks.

26. Defendant's use in commerce of the SANDS Marks and/or marks confusingly similar to thereto for its services, and in the <SandCash.com> domain name and on the associated website, constitutes a reproduction, copying, counterfeiting, and colorable imitation of LVSC's trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

27. By using the SANDS Marks and/or marks confusingly similar thereto with the knowledge that LVSC owns and has used, and continues to use, its trademarks in the United States and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

28. Defendant is using marks that are the same and/or confusingly similar to the SANDS Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with LVSC, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by LVSC.

29. Defendant is also using marks that are the same and/or confusingly similar to the SANDS Marks in its respective registered domain names to cause initial interest confusion and divert Internet users away from LVSC's website located at <lasvegassands.com>.

30. Defendant's use of the SANDS Marks and/or marks confusingly similar thereto has created a likelihood of confusion among consumers who may falsely believe that Defendant's website is associated with LVSC or that LVSC sponsors or approves of Defendant's services or commercial activities.

7

31. As a direct and proximate result of Defendant's infringement, LVSC has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT II
(Cybersquatting under
the Lanham Act, 15 U.S.C. § 1125(d))

32. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

33. Defendant has registered, trafficked in, and/or used the <SandCash.com> domain name, which is confusingly similar to and/or dilutive of the SANDS Marks, which were distinctive and/or famous at the time of registration of the domain names.

34. Upon information and belief, Defendant has or had a bad faith intent to profit from the SANDS Marks.

35. As a direct and proximate result of such conduct, LVSC has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT III
(Unfair Competition under
the Lanham Act, 15 U.S.C. § 1125(a))

36. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

37. Defendant's use in commerce of the marks that are the same as and/or confusingly similar to the SANDS Marks in connection with Defendant's website and domain name constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with LVSC, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by LVSC.

38. Defendant's use in commerce of the SANDS Marks and/or marks confusingly similar thereto with the knowledge that LVSC owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

8

2863840.1

39. As a direct and proximate result of such unfair competition, LVSC has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT IV
(Trademark Dilution under
the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c))

40. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41. LVSC's SANDS Marks are famous within the meaning of the Federal Trademark Dilution Act, as amended.

42. After the SANDS Marks became famous, Defendant began using marks that are the same as or similar to the SANDS Marks.

43. Defendant's use of marks that are the same as or similar to the SANDS Marks is likely to cause dilution by blurring or tarnishment of the SANDS Marks.

44. As a direct and proximate result of Defendant's dilution of LVSC's marks, LVSC has suffered, and will suffer, irreparable injury to its business, reputation, and goodwill.

### COUNT V
(State Trademark Infringement
under N.R.S. 600.420)

45. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46. Defendant has used and/or is using marks that are the same as or confusingly similar to the SANDS Marks.

47. Defendant's use in commerce of the SANDS Marks and/or marks confusingly similar thereto constitutes a reproduction, copying, counterfeiting, and colorable imitation of LVSC's trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

48. By using the SANDS Marks and/or marks confusingly similar thereto with the knowledge that LVSC owns and uses the SANDS Marks, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

2863840.1

49. Defendant is using marks that are the same and/or confusingly similar to the SANDS Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with LVSC or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by LVSC.

50. Defendant is also using marks that are the same and/or confusingly similar to the SANDS Marks in its respective domain name to cause initial interest confusion and divert Internet users away from LVSC's website located at <lasvegassands.com>.

51. Defendant's use of the SANDS Marks and/or marks confusingly similar thereto has created a likelihood of confusion among consumers who may falsely believe that Defendant's website is associated with LVSC, or that LVSC sponsors or approves Defendant's services or commercial activities.

52. As a direct and proximate result of Defendant's infringement, LVSC has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT VI
(State Trademark Dilution under N.R.S. 600.435)

53. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

54. The SANDS Marks are inherently distinctive. Through their adoption and consistent and extensive use, the SANDS Marks have acquired fame in the State of Nevada.

55. Defendant began using marks that are the same as or nearly identical to the SANDS Marks in after the SANDS Marks became famous in the State of Nevada.

56. Defendant's use of the SANDS Marks and/or marks nearly identical thereto has and will cause dilution of the distinctive quality of LVSC's trademarks and will otherwise cause irreparable injury to LVSC's business, reputation, and goodwill.

57. Upon information and belief, Defendant's use of the SANDS Marks and/or marks nearly identical thereto was willful in nature, in that Defendant intended to cause dilution of the

SANDS Marks or willfully intended to trade on the reputation of LVSC.

58. As a direct and proximate result of Defendant's dilution of the SANDS Marks, LVSC has suffered, and will suffer, irreparable injury to its business, reputation, and goodwill.

## COUNT VII
### (Common Law Trademark Infringement)

59. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60. By virtue of having used and continuing to use the SANDS Marks, LVSC has acquired common law trademark rights in the SANDS Marks.

61. Defendant's use of marks the same and/or confusingly similar to the SANDS Marks infringes LVSC's common law rights in its SANDS Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's website originates from, or is affiliated with or endorsed by LVSC, when, in fact, it is not.

62. As the direct and proximate result of Defendant's infringement of LVSC's common law trademark rights under Nevada and other common law, LVSC has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## COUNT VIII
### (Deceptive Trade Practices under N.R.S. § 598.0915)

63. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

64. Upon information and belief, in the course of conducting its business, Defendant knowingly made false representations as to an affiliation, connection and/or association with LVSC by using a mark identical and/or confusingly similar to the SANDS Marks and otherwise engaged in deceptive trade practices.

65. As the direct and proximate result of Defendant's deceptive conduct, LVSC has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## COUNT IX
(Intentional Interference with Prospective Economic Advantage)

66. LVSC incorporates the allegations in the preceding paragraphs as if fully set forth herein.

67. Upon information and belief, at the time Defendant adopted and began using marks that are the same and/or confusingly similar to the SANDS Marks and since that time, Defendant knew and has known that LVSC is in the business of providing hotel and casino services, and advertises these services on the Internet using the SANDS Marks.

68. Upon information and belief, Defendant committed acts intended or designed to disrupt LVSC's prospective economic advantage arising from providing these services.

69. Defendant's actions have disrupted or are intended to disrupt LVSC's business by, among other things, diverting web users away from LVSC's website redirected from <lasvegassands.com> and to Defendant's domain name.

70. Defendant has no legal right, privilege or justification for its conduct.

71. As a direct and proximate result of Defendant's intentional interference with LVSC's prospective economic advantage, LVSC has suffered, and will continue to suffer, monetary damages and irreparable injury.

72. Based on the intentional, willful and malicious nature of Defendant's actions, LVSC is entitled to recover monetary damages, exemplary or punitive damages and reasonable attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, LVSC respectfully prays that the Court grant the following relief:

A. A temporary restraining order, preliminary and permanent injunction prohibiting Defendant, Defendant's respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from: (1) using the SANDS Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

metatags); and (2) registering or trafficking in any domain names containing the SANDS Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

    B.    A temporary restraining order, preliminary and permanent injunction requiring the current domain name registrar and/or registry to transfer the <SandCash.com> domain name registration to LVSC and the registrar of its choice;

    C.    An award of compensatory, consequential, statutory, and/or punitive damages to LVSC in an amount to be determined at trial;

    D.    An award of interest, costs and attorneys' fees incurred by LVSC in prosecuting this action; and

    E.    All other relief to which LVSC is entitled.

DATED: May 1, 2012.

Respectfully submitted,

LEWIS AND ROCA LLP

By: _____
Michael McCue
John L. Krieger
Stephanie S. Buntin
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

Attorneys for Plaintiff